IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

URSULA C. STATEN                                                                   PLAINTIFF

v.                                                              CAUSE NO. 1:12CV128-LG-JMR

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                                       DEFENDANT

## ORDER DENYING MOTION FOR RECONSIDERATION

**BEFORE THE COURT** are the Objection to Report and Recommendation [27] and Motion for Reconsideration [28] filed by the pro se plaintiff, Ursula C. Staten. In her Motion for Reconsideration, Staten asks the Court to consider her untimely Objection to the Report and Recommendation [20] entered by Chief United States Magistrate Judge John M. Roper, Sr., and to rescind the Order Adopting Report and Recommendation [25] and Judgment [26] entered by the undersigned. After reviewing the Motion, the Objection, the record in this matter, and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

### BACKGROUND

On August 23, 2011, after conducting a hearing regarding Staten's application for Social Security benefits, the Administrative Law Judge determined that Staten had the following severe impairments: obesity, cervical disc disease, anxiety, depression, and personality disorder. (Admin R. at 22, ECF No. 13-1). However, he found that she does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment, and she has the

residual functional capacity to perform light work. (*Id.* at 25). Although the ALJ determined that Staten is unable to return to work as a baker or massage therapist, he concluded that there are jobs that exist in significant numbers in the national economy that Staten can perform. (*Id.* at 31-32). As a result, the ALJ decided that Staten had not been under a disability as defined by the Social Security Act from May 30, 2010 through the date of his decision. (*Id.* at 32). The Appeals Council denied Staten's request for review on February 1, 2012. (*Id.* at 7).

Staten filed this civil action on April 24, 2012. Chief United States Magistrate Judge John M. Roper, Sr., issued a Report and Recommendation proposing that this Court affirm the Commissioner's decision to deny benefits to Staten. Although she was granted additional time to respond to the Report and Recommendation, Staten did not file an objection by the extended deadline. This Court entered an Order adopting the Report and Recommendation and a Judgment. Three days later, Staten filed her untimely Objection as well as the present Motion for Reconsideration.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) Motion should not be used to relitigate matters that should have been

argued earlier, or that simply were not resolved to the movant's satisfaction. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Ross v. Mitchell*, 426 F.3d 745, 763 (5th Cir. 2005).

Staten first argues that Judge Roper referenced an incorrect disability onset date in the Report and Recommendation and discussed medical records that pertained to a prior claim that she made for disability benefits. There is no indication that Judge Roper's review of the prior records negatively impacted his decision in this matter or that Staten suffered any prejudice as a result of his review and discussion of those records.

Staten also asserts that the ALJ failed to review a medical excuse form that she submitted after her hearing. This form stated that Staten could no longer work as a massage therapist. Staten concedes that Judge Roper considered this form. It also appears that the Appeals Council considered this form. Furthermore, the form is not inconsistent with the ALJ's decision, because the ALJ also determined that Staten could no longer work as a massage therapist.

In addition, Staten claims that Judge Roper and the ALJ failed to take note of certain notations made by treating physicians and other experts. For example, the psychologist who performed her psychological consultation stated that an additional medical examination of her neck might be needed. The context of the psychologist's

statement was: "It would certainly be advantageous to obtain a copy of her medical records. It may also be advantageous for her to be seen for a medical examination **if there is insufficient medical documentation**." (Admin. R. at 432-33, ECF No. 13-2) (emphasis added). Another statement emphasized by Staten was the following statement made by her neurosurgeon, "She has applied for Social Security disability, so I do not know if Vocational Rehabilitation will play ball now." (*Id.* at 91). Staten has not explained how these statements would assist her in demonstrating her claim.

Staten also argues that Judge Roper should not have discussed certain statements made by her neurosurgeon pertaining to a lawsuit she had filed due to a work-related injury. The medical record referenced by Staten is contained in the Administrative Record, and it was not improper for Judge Roper to consider it. Furthermore, it does not appear that the medical record improperly influenced Judge Roper's decision.

Furthermore, Staten claims that the ALJ erred in failing to grant her request for additional thyroid testing prior to his ruling. Staten claims that the thyroid condition has caused weight gain, but the ALJ considered Staten's obesity. There is no indication that Staten's obesity or thyroid condition would inhibit Staten's ability to work. As a result, she was not prejudiced by the ALJ's refusal to permit additional testing.

In addition, Staten claims that the ALJ's finding that some of her statements lacked credibility was conclusory. However, the ALJ thoroughly explained his

determination that her description of the intensity, persistence, and limiting effects of her symptoms lacked credibility. Specifically, he noted that the record reflects that she has no disabling effects from the conditions alleged. He then expounded upon that conclusion by discussing her medical and psychological records.

Finally, Staten claims that she did not receive a fair hearing, because she did not have adequate opportunity to review her file before the ALJ hearing. She claims that some records were missing from her file, and there was no opportunity to correct the record. Staten was aware that she could request a continuance of the hearing so that she could review her file, but she chose not to do so. Furthermore, the records referenced by Staten have been reviewed by this Court, and there is no indication that they would have changed the ALJ's decision.

After reviewing all of Staten's objections and reviewing all of the evidence submitted, the Court finds that its prior decision to adopt Judge Roper's Report and Recommendation was proper. Staten's Motion for Reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, Staten's Motion for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Motion for Reconsideration [28] filed by Ursula C. Staten is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE